UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PIARD,  )<br>  )<br>     Plaintiff,  )<br>  )  CIVIL ACTION<br>     v.  )  NO. 24-40164-MRG<br>  )<br>THE BOSTON HERALD, et al.,  )<br>  )<br>     Defendants.  )<br>  ) | |

**ORDER**
**February 13, 2025**

**GUZMAN, D.J.**

On December 23, 2024, the Clerk received a letter from Joseph Piard, who is confined at the North Central Correctional Institution in Gardner, in which he alleges that Boston Herald and two of its reporters, alleging that they published articles which they "published a series of false statements about the plaintiff and character[ized] him to public disgrace and despisement." (Doc. No. 1). Treating this letter as complaint, the Court DISMISSES the same for failure to pay the filing fee.

The fee for filing a non-habeas civil action consists of a $350 statutory filing fee, *see* 28 U.S.C. § 1914(a), and a $55 administrative fee (collectively "the filing fee"). A federal district court may allow an indigent prisoner to proceed with a lawsuit without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a) and (b). However, a prisoner who has, on three or more prior occasions, had an action or appeal dismissed on the ground that it was frivolous or malicious, or failed to state a claim upon which relief can be granted, cannot proceed without prepayment of the entire filing fee unless his complaint shows that the defendants' alleged misconduct places him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to Piard's commencement of this action December 23, 2024, at least four cases that Piard filed in this Court had been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Piard v. Murphy*, 24-40103-MRG (dismissed Dec 19, 2024 for failure to state a claim upon which relief may be granted); *Piard v. Murphy*, 24-40130-MRG (dismissed Dec. 9, 2024 for failure to state a claim upon which relief may be granted); *Piard v. Arsenault*, 23-40165-MRG (dismissed Apr. 25, 2024 upon adopting the Report and Recommendation to dismiss for failure to state a claim upon which relief can be granted); *Piard v. Hakala*, 23-40180-MRG (dismissed Feb. 21, 2024 upon adopting the Report and Recommendation to dismiss for failure to state a claim upon which relief may be granted).

Thus, Piard cannot proceed without prepayment of the filing fee unless he shows that defendant's alleged misconduct places him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Piard makes no such showing in his complaint. Given the nature of Piard's claim, allowing him to show cause why 28 U.S.C. § 1915(g) should not apply in this action would be futile.

Accordingly, this case is DISMISSED without prejudice. Should Piard which to pursue this claim, he may do so by filing a separate lawsuit with full payment of the $405 fee at the time of filing.

**So Ordered.**

                                                /s/ Margaret R. Guzman
                                                MARGARET R. GUZMAN
                                                UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2025